ABW BROADCASTERS, INC., Etc. *v.* BILLINGS ADVERTISING COMPANY, INC.

[No. 237, September Term, 1963.]

*Decided March 11, 1964.*

The cause was argued before HAMMOND, PRESCOTT, HOR-NEY, MARBURY and SYBERT, JJ.

*Nicholas J. Fotos* for the appellant.

*Morris Turk* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Radio Station WABW in Annapolis was sold and transferred on May 12, 1960, by its then owner to the appellant, ABW Broadcasters, Inc. The original owner previously had entered into four written contracts with Billings Advertising Company, Inc., whereby it engaged the advertising services of Billings (which is engaged in the business of designing, producing

and placing on display advertising signs and cards in passenger vehicles throughout the United States) to promote the business and goodwill of WABW by displays on buses operating in Anne Arundel County. Under the terms of the contracts payment for the advertising services was to be partly in cash at the rate of so much per month and partly by making radio advertising time available to Billings.

The purchasing owner, ABW Broadcasters, gave notice to creditors under the Sales in Bulk Act (Code (1957), Art. 83, Secs. 97-101, since repealed by Acts of 1963, Ch. 538). Its letter of April 30, 1960, advised Billings that it was due $343.00 through April 30, and requested verification. Billings replied that the amount due was correctly stated, and added: "We also wish to advise that during the period of our agreement, air time has been accumulating for our use as spot announcements." After the transfer, Billings continued to advertise Station WABW as called for by the contracts. When ABW fell behind in its payments and finally in writing cancelled the contracts, suit was filed by Billings, showing the cash amounts due under each contract (including the cash value as estimated by Billings of the air time due but not provided), the amounts paid on account, and the balance due. Judge Duckett found an assumption of the contracts by ABW Broadcasters and liability under them (but less than claimed) to pay for the services rendered.

In its appeal, ABW contends there was no evidence that it assumed the contracts, that if there was such sufficient evidence there was no consideration to support the assumption, and that the statute of frauds would have required a writing to support the assumption, which was lacking, because the undertakings on which it is said to be bound were not to be performed "within the space of one year from the making thereof" and because its alleged obligations were "to answer for the debt, default or miscarriage of another person."

Assuming for the purposes of the consideration and decision of the case, without deciding, that the statute of frauds was applicable to any extent, it is plain that there was competent and admissible evidence before the trial court amply sufficient to support the findings and judgment appealed from.

The four written executed contracts were offered in evidence. There was testimony that their terms were discussed by an officer of Billings with officers of ABW, that the services called for by the contracts were performed by Billings, that ABW in various signed writings acknowledged the contracts to be in existence between it and Billings, that ABW made payments on account of the amounts due by it to Billings under the contracts and, finally, that ABW in writing cancelled the contracts, something it scarcely would have done if the contracts had not previously been recognized and accepted by it. The consideration that supported the original contracts between ABW's predecessor in ownership of Station WABW and Billings supported them after ABW assumed them. Judge Duckett was fully justified in his decision that the contracts were binding on ABW and in the amount he determined was due by it to Billings.

*Judgment affirmed, with costs.*